# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**CESAR SERGE,**

    **Plaintiff,**

vs.                                                                Case No. 4:20cv101-MW-CAS

**UNITED STATES DRUG
ENFORCEMENT ADMINISTRATION,**

    **Defendant.**

_____/

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case by submitting a motion for in forma pauperis status, ECF No. 2, and a civil rights complaint which is brought against a federal agency - the Drug Enforcement Administration, ECF No. 1.  Good cause having been shown, Plaintiff's in forma pauperis motion is granted and Plaintiff is not required to pay the filing fee for this case.

Plaintiff's complaint has been reviewed to determine if it is sufficient for service.  Plaintiff indicates he is suing the Defendant ("DEA") in its "individual capacity."  ECF No. 1 at 3.  That capacity is not appropriate for a

federal agency. An individual capacity claim may only be brought against an officer, but not an agency.

Additionally, it appears that Plaintiff is seeking to sue the DEA for the seizure of currency in 1993 when Plaintiff was in the O'Hare Airport in Chicago, Illinois. ECF No. 1 at 5. Plaintiff alleges that his money was seized without a warrant and that unidentified DEA agents "conspired to frame" him. *Id.* Plaintiff advises that he was prosecuted in 1994, found guilty, and sentenced to 25 years in state prison. *Id.*

Furthermore, it does not appear that this case can proceed in this Court because there is no connection to the Northern District of Florida. The events about which Plaintiff complains took place in Illinois, not Florida.

Moreover, the events occurred nearly 30 years ago and are time-barred regardless of whether this case is deemed to be a tort claim against the agency, or a *Bivens* action against a DEA agent. The time period for bringing a claim under the FTCA is two years. Keira v. U.S. Postal Inspection Serv., 157 F. App'x 135, 136 (11th Cir. 2005). Further, an FTCA action accrues when a plaintiff is aware of his injury and its cause. United States v. Kubrick, 444 U.S. 111, 123-24, 100 S. Ct. 352, 358-60, 62 L. Ed.

2d 259 (1979).  The relevant statute provides that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues...." 28 U.S.C. § 2401(b) (quoted in Keira, 157 F. App'x at 136).

The time period for bringing a *Bivens* claim is four years, Topping v. U.S. Dep't of Educ., 510 F. App'x 816, 819 (11th Cir. 2013) (citing Kelly v. Serna, 87 F.3d 1235, 1238 (11th Cir.1996), although "the statute of limitations does not begin to run until the facts supporting a cause of action are apparent or should be apparent to a person with reasonably prudent regard for his rights."  Lovett v. Ray, 327 F.3d 1181, 1182 (11th Cir. 2003) (cited in Topping, 510 F. App'x at 819).  It is reasonable to assume that Plaintiff would have been aware at the time of the seizure that $115,000.00 was "snatched" by DEA agents.  *See* ECF No. 1 at 5.  Plaintiff's allegations reveal as much because he claims the agents used "physical force" to take his money.  *Id.*  These claims are barred because they occurred nearly 30 years ago.

Notably, Plaintiff contends in this case that the DEA violated his Eighth Amendment rights by having him serve a 25-year prison sentence "based on false statement [sic]."  ECF No. 1 at 6.  Plaintiff seeks to present

additional claims for double jeopardy, due process, and excessive fines. *Id.* However, Plaintiff is advised that the government is immune from suits seeking monetary damages based on alleged constitutional violations. F.D.I.C. v. Meyer, 510 U.S. 471, 475, 114 S. Ct. 996, 1000, 127 L. Ed. 2d 308 (1994) (stating that "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit"). Because a *Bivens* type remedy is not permitted against federal agencies, *see* F.D.I.C. 510 U.S. at 486, 114 S. Ct. at 1005, Plaintiff's complaint is insufficient as a matter of law.

Finally, the law is clear that one may not seek monetary damages or injunctive relief which would collaterally undermine a criminal conviction or sentence. Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973) (prohibiting injunctive relief which would result in speedier or immediate release from a term of imprisonment); Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994) (barring a claim for monetary damages related to a conviction or sentence until the plaintiff can show that the conviction or sentence has been invalidated). In Heck v. Humphrey, the Supreme Court held that a "claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in

favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." Edwards v. Balisok, 520 U.S. 641, 643, 117 S. Ct. 1584, 1586, 137 L. Ed. 2d 906 (1997) (quoted in Harden v. Pataki, 320 F.3d 1289, 1291 (11th Cir. 2003)).  Thus, a civil rights action may not be brought "if the direct or indirect effect of granting relief would be to invalidate the state sentence he is serving." Spencer v. Kemna, 523 U.S. 1, 21, 118 S. Ct. 978, 990, 140 L. Ed. 2d 43 (1998) (quoted in Pataki, 320 F.3d at 1295).  Well established law provides that a civil action may not be maintained unless and until a plaintiff can demonstrate the "favorable-termination requirement." McDonough v. Smith, 139 S. Ct. 2149, 2157, 204 L. Ed. 2d 506 (2019) (citing to Heck).

Here, there is no indication that Plaintiff's conviction was overturned or otherwise invalidated.  Plaintiff has not shown that his prior criminal case ended in his favor and, thus, Plaintiff cannot use this civil action to obtain a monetary judgment for an allegedly wrongful conviction or imprisonment.  A civil action may not be used to collaterally attack a criminal judgment. Heck, 512 U.S. at 484 (cited in McDonough, 139 S. Ct. at 2157).  This this case should be summarily dismissed.

Case No. 4:20cv101-MW-CAS

Accordingly, it is

**ORDERED:**

1. Plaintiff's in forma pauperis motion, ECF No. 2, is **GRANTED**.

2. Plaintiff is not required to pay the filing fee for this case.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that Plaintiff's complaint, ECF No. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** at Tallahassee, Florida, on March 11, 2020.

<u>S/   Charles A. Stampelos</u>
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

**<u>NOTICE TO THE PARTIES</u>**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic</u>**

Case No. 4:20cv101-MW-CAS

**docket is for the Court's internal use only and does not control.** If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**